| | |
|---|---|
| Joshua B. Swigart (SBN 225557) | Daniel G. Shay (SBN 250548) |
| Josh@SwigartLawGroup.com | DanielShay@TCPAFDCPA.com |
| **SWIGART LAW GROUP, APC** | **LAW OFFICE OF DANIEL G. SHAY** |
| 2221 Camino del Rio S, Ste 308 | 2221 Camino del Rio S, Ste 308 |
| San Diego, CA 92108 | San Diego, CA 92108 |
| P: 866-219-3343 | P: 619-222-7429 |
| F: 866-219-8344 | F: 866-219-8344 |

*Attorneys for Plaintiff*
*Ryan Childers*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN CHILDERS, individually and on behalf of others,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>Defendant. | Case No.: **'19CV2318 H   JLB**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.** |

## INTRODUCTION

1. Ryan Childers ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Capital One Bank (USA), National Association ("Defendant"), in negligently, and/or willfully contacting Plaintiff and class members for alleged debt on their cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading their privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because this case arises out of violation of federal law.  47 U.S.C. §227(b).

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because the events giving rise to Plaintiff's causes of action against Defendant occurred within the State of California and the County of San Diego, within this judicial district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

5. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a national association with its principal place of business is Virginia.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was,  a "person," as defined by 47 U.S.C. § 153 (39).

///

# FACTUAL ALLEGATIONS

7. At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district, specifically by locating Plaintiff's cellular telephone number, placing automated telephone calls to Plaintiff's cellular telephone, which were directed into the State of California.

8. Plaintiff allegedly incurred an unpaid financial obligation to Defendant for a personal "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Plaintiff allegedly fell behind in the payments owed on the debt.

10. Plaintiff then retained the legal services of Attorney Daniel G. Shay in relation to the debt.

11. On October 13th, 2019, Defendant called Plaintiff's cellphone attempting to collect the debt. Plaintiff experienced a long delay before Plaintiff was connected with a live person. Such a delay indicates use of an Automatic Telephone Dialing System as described below.

12. During the October 13th, 2019 conversation, Plaintiff unequivocally and explicitly informed Defendant's representative, agent, or employee that Plaintiff was represented by Attorney Shay regarding the debt. As such, Plaintiff demanded Defendant cease all contact and communication with him.

13. Accordingly, Plaintiff revoked any implied consent previously given to receive the calls when he demanded that Defendant stop calling him.

14. On November 20th, 2019, despite Plaintiff's revocation of any implied consent, Defendant called Plaintiff again. Upon answering the call, Plaintiff experienced a long delay indicating use of an Automatic Telephone Dialing System.

15. Defendant's call to Plaintiff was made with an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1). This ATDS has the

capacity to store or produce telephone numbers to be called, using a random or sequential number generator without human intervention.

16. The telephone number Defendant called was assigned to a cellular telephone service in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

17. The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A).

18. The telephone call made by Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

19. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

20. The invasion itself caused concrete harm to Plaintiff similar to trespass to real property which has been illegal for hundreds of years with no actual damages required for the harm.

21. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

22. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurred a charge for cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

23. The calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

24. Defendant's call to Plaintiff's cellular telephone was unsolicited by Plaintiff.

**CLASS ACTION ALLEGATIONS**

25. Plaintiff brings this action on behalf of himself and on behalf of Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

///

///

26. Plaintiff proposes to represent the following Class consisting of and defined as follows:

> All persons within the United States who received any call from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system, or with a pre-recorded or artificial voice, within the four years prior to the filing of this Complaint.

27. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

28. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members by making calls to their cellular telephones with an automatic telephone dialing system for the purposes of collecting alleged debt, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

29. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

30. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties

and to the court. The Class can be identified through Defendant' records or Defendant' agents' records.

31. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the last four years, Defendant or its agent(s) placed any artificial or prerecorded voice messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

32. As a person that received at least one alleged debt collection call via an ATDS or an artificial or prerecorded voice message to their cell phones, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

33. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

34. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

35. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

36. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendant's call to Plaintiff's cellular telephone for the collection of alleged debt constitutes negligent violation of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

1. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

///

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Defendant's actions constitute knowing and/or willful violation of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

42. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each of the Class members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

43. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

44. Wherefore, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendant's and Defendant's agents' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

### TRIAL BY JURY

45. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demand, a trial by jury.

**SWIGART LAW GROUP, APC**

Date: December 5, 2019

By: *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com
Attorney for Plaintiff